IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| TENNENBAUM CAPITAL PARTNERS LLC, | : | |
| Plaintiff, | : | |
| | : | CIVIL ACTION |
| v. | : | NO. 09-MC-00194 |
| | : | |
| MICHAEL T. KENNEDY, | : | |
| Defendant. | : | |

## MEMORANDUM

Defendant Michael T. Kennedy ("Defendant") brings two motions (1) to stay the execution of the judgment pending his United States Bankruptcy Court for the District of Delaware adversary case, to repay all fees and expenses, and to assess damages and sanctions, and (2) to vacate the judgment pursuant to Federal Rule of Civil Procedure ("FRCP") 60(b) and (d). Plaintiff has responded and opposed these motions and has moved for a writ of revival to reissue execution of the judgment. The Court hereby DENIES Defendant's Motions and ORDERS the Clerk of Court to reissue the writ of execution for this judgment.

### I.     Background

As this Court has previously written, "[t]his matter is years past its expiration date." (Dkt No. 243.) The parties are well familiar with the facts. The Court writes only those facts necessary to address the pending motions before the Court.

### A.  Underlying Bankruptcy Case in the Bankruptcy Court for the District of Delaware

Defendant was the CEO and majority shareholder of Radnor Holdings Corporation and its consolidated subsidiaries ("Radnor"). On or about April 4, 2006, Plaintiff Tennenbaum Capital Partners LLC ("Plaintiff") loaned Radnor money ("Tennenbaum Loan") pursuant to a Guaranty and Negative Pledge Agreement ("Guaranty Agreement") in which Defendant personally guaranteed repayment of not more than $10 million of the principal amount of the Tennenbaum Loan. At that time, Radnor retained Skadden Arps, Slate, Meagher & Flom LLP

("Skadden Arps") as counsel. Radnor defaulted on the Tennenbaum Loan. On August 17, 2006, Plaintiff demanded payment from Defendant under the Guaranty Agreement.

On August 21, 2006, Radnor filed for Chapter 11 bankruptcy in the Bankruptcy Court for the District of Delaware ("the Bankruptcy Court"). The Bankruptcy Court authorized Plaintiff to credit bid on Radnor. Plaintiff formed an entity ("Tennenbaum Funds") to bid and acquire Radnor assets. On September 22, 2006, the Bankruptcy Court established bid procedures. On October 30, 2006, the Bankruptcy Court entered a standing order.

On October 31, 2006, the Official Committee of Unsecured Creditors ("the Committee") in the Radnor Bankruptcy filed an adversary complaint against Plaintiff. Following roughly two months of extensive pre-trial discovery and an eight day trial, the Bankruptcy Court dismissed the Committee Complaint in its entirety. *Radnor Holdings Corp. v. Tennenbaum Capital Partners, LLC*, 353 B.R. 820 (Del. Bankr. 2006). In this opinion, the Bankruptcy Court found "that [Tennenbaum] did not engage in egregious conduct tantamount to fraud, overreaching or spoliation." *Id.* at 840 (internal citations omitted). Further, the Court held that "TCP at all times acted in good faith with a view to maximize Radnor's value to all constituents." *Id.* at 841.

On or about February 11, 2010, Defendant filed his "Objection to Confirmation of the Liquidation of Radnor Holding Corporation and its Related Debtors and Debtors in Possession" with the Bankruptcy Court. On or about February 17, 2012, Defendant alleges that he discovered "improprieties and undisclosed material and adverse conflicts between Tennenbaum Capital Partners LLC and other professionals involved." (Dkt No. 255 ¶ 6.) On March 15, 2012, at the hearing on Defendant's Initial Objection, Defendant notified the Bankruptcy Court of his findings of misconduct. (Dkt No. 255 ¶ 7.) On July 24, 2012, Defendant delivered evidence of misconduct and misrepresentation to the Office of the United States Trustee for the District of Delaware. (Dkt No. 255 ¶ 8.) On September 10, 2012, the Bankruptcy Court confirmed the Liquidation Plan. (Dkt No. 255, Ex. A.)

On December 26, 2012, Defendant filed an adversary action against Plaintiff, and others, in the Bankruptcy Court, further amending said complaint on February 15, 2013. (Dkt No. 255 ¶ 9.) The gist of Defendant's Adversary Complaint is that he discovered new information, previously not disclosed to the tribunal, that while Skadden Arps served as his, his family's, and Radnor's attorneys between 1997 and 2006, Skadden Arps simultaneously served as counsel to Tennenbaum during the formation of the Tennenbaum Funds. (Dkt No. 255, Ex. A ¶¶ 36-37.)

Further, partners of Skadden Arps were investors in the Tennenbaum Funds. (*Id.*) Defendant alleges that he had no knowledge of the extent of Skadden Arp's relationship with the Tennenbaum Funds.

On May 1 and 2, 2013, the Bankruptcy Court held an evidentiary hearing on Defendant's objections. On June 20, 2013, the Court found that found that:

> 50. At all times during these Chapter 11 cases (i) Skadden acted in good faith as counsel to Debtors and (ii) did not hold or represent an interest adverse to Debtors' estates and was disinterested within the meaning of 11 U.S.C. § 327(a).
>
> 51. Skadden's Pre–Retention Disclosures and other disclosures made in connection with Skadden's retention as bankruptcy counsel, including Skadden's disclosures with respect to Tennenbaum, were adequate and sufficient.
>
> 52. Skadden did not engage in any malpractice, breach of fiduciary duty, fraud, conspiracy, perjury, obstruction of justice or other willful misconduct in connection with the above-captioned Chapter 11 cases. *In re Radnor Holdings Corp.*, 2013 WL 3228116, at *12 (Del. Bankr. 2013) (internal citations omitted).

On July 1, 2013, Defendant filed an appeal to the United States District Court for the District of Delaware, alleging that the Bankruptcy Court overlooked Plaintiff and Skadden Arps's misconduct and failed to investigate evidence presented by Defendant. (Dkt No. 261 at 8-9.) Presently, there are numerous motions and a Withdrawal of Reference pending in the Bankruptcy Court. (Dkt No. 255, Exs. B-C.) In August 2013, Plaintiff and Skadden moved for sanctions against Defendant in the Bankruptcy Court. This motion is also pending.

### B. Breach of Contract Action

In 2009, Plaintiff brought an action for breach of contract in the Southern District of New York against Defendant for failure to pay the amount owed under the Guaranty Agreement. On September 11, 2009, Judge Laura Taylor Swain of the Southern District of New York granted Plaintiff's motion for summary judgment and ordered that Plaintiff should recover from Defendant a total of $14,394,180.88, comprising (1) the sum of $10,000,000.00, (2) pre-judgment interest totaling $4,329,704.86, and (3) attorneys' fees and disbursement totaling $64,476.02. *Tennenbaum Capital Partners LLC v. Kennedy,* 2009 WL 2913679 (S.D.N.Y. 2009). (Dkt No. 1, Ex. 1.) The United States Court of Appeals for the Second Circuit affirmed the District Court on April 20, 2010. *Tennenbaum Capital Partners LLC v. Kennedy*, 372 F. App'x 180 (2d Cir. 2010).

On November 5, 2009, this judgment was filed with this Court. *Tennenbaum Capital Partners, LLC v. Michael T. Kennedy,* Civ. Action No. 09–194. (Dkt No. 1.) Over the next five years, Plaintiff has tried to secure payment through garnishment of Defendant's partnership and shareholder interests in various entities. Of current significance, on March 22, 2011, the Court ordered that:

   a. Defendant's 56.57% limited partnership interest in [Radnor Investment Advisors, LP] shall be charged with the payment of Defendant's unsatisfied judgment debt of $14,394,180.88 in this matter;

   b. Defendant's 78.57% shareholder interest in [Radnor Investment Advisors, Inc.] shall be charged with payment of Defendant's unsatisfied judgment debt of $14,394,180.88 in this matter;

   c. Defendant's 33.33% shareholder interest in [Maverick Partners, Inc.] shall be charged with the payment of Defendant's unsatisfied debt of $14,394,180.88 in this matter;

   d. Subject to prior liens of record, a Charging Order is entered against Garnishee Entities RIALP, RIAI, and MPI until Plaintiff's Judgment against Defendant is satisfied, provided that no such payments individually or in the aggregate, shall exceed Defendant's interest in RIALP, RIAI, and MPI… (Dkt No. 173 at 1-2.)

Further, on March 7, 2012, the Court ordered a preliminary injunction against distributions by Garnishee Chartwell GP, Inc. to Defendant. *Tennenbaum Capital Partners, LLC v. Kennedy*, 2012 WL 748303 (E.D. Pa. 2012). (Dkt No. 228.) These orders are still in effect.

On December 8, 2010, R. Radcliffe Hastings moved to intervene. (Dkt Nos. 126-28.) On February 22, 2011, the Court held that R. Radcliffe Hastings could intervene. (Dkt No. 159.) On July 8, 2014, the Honorable Harvey Bartle III ordered that Defendant was "estopped from relitigating the validity of the Tennenbaum loan" in the interpleader action. *Hastings v. Kennedy*, 2014 WL 3109965 (E.D. Pa. 2014).

### C. Current Motions at Issue

On March 10, 2014, Defendant moved to stay the collection and discovery of the judgment pending disposition of Defendant's adversary claim in Bankruptcy Court. (Dkt No. 255.) On July 7, 2014, Defendant moved to vacate the judgment. (Dkt Nos. 261-2.) As previously noted, Defendant has been investigating Plaintiff's alleged wrongdoing for Defendant's adversary claim in Bankruptcy Court. Defendant argues that the alleged wrongdoing he found there necessitates vacating the Southern District of New York's original judgment.

## II. Motion to Set Aside Judgment

### A. Standards of Review

Defendant moves to set aside the judgment pursuant to Federal Rule of Civil Procedure ("FRCP") 60(b)(6) and 60(d)(3), also citing to various ethical rules. Relief under Rule 60(b) relief should "be reserved for those cases of injustices which ... are deemed sufficiently gross to demand a departure from rigid adherence to the doctrine of res judicata." *U.S. v. Beggerly,* 524 U.S. 38, 46 (1998). "The movant under Rule 60(b) bears a heavy burden, which requires more than a showing of the potential significance of the new evidence. We view Rule 60(b) motions as "extraordinary relief which should be granted only where extraordinary justifying circumstances are present." *Bohus v. Beloff,* 950 F.2d 919, 930 (3d Cir. 1991) (internal citations and quotation marks omitted).

Under FRCP 60(b)(6),"[o]n motion and just terms, the court may relieve a party or its legal representative from a final judgment, order, or proceeding for the following reasons…any other reason that justifies relief." This claim is a catch-all, meant to provide additional means of recovery when a petitioner's unique claims do not fall under the other enumerated claims of Rule 60(b).

While Defendant moves the Court to consider this claim under FRCP 60(b)(6), the Court determines that this claim is properly construed as a FRCP 60(b)(3) claim. The Supreme Court has held that relief is available under FRCP 60(b)(6) when "something more" than what is required under subsections (1) through (5) is shown. *Klapprott v. United States,* 335 U.S. 601, 613 (1949). FRCP 60(b)(6) is only "applicable when the party seeking relief is able to demonstrate that the reason for relief is not embraced within the provisions of subsections (1) through (5) and that exceptional circumstances exist which warrant relief." *Landano v. Rafferty*, 126 F.R.D. 627, 635 (D.N.J. 1989) (citing *Ackermann v. United States,* 340 U.S. 193, 199 (1950)). Relief sought under FRCP 60(b)(6) must be based upon "'any other reason' than a reason which would warrant relief under 60(b)(1-5)." *Stradley v. Cortez,* 518 F.2d 488, 493 (3d Cir. 1975) (quoting F*ederal Deposit Insurance Corp. v. Alker*, 234 F.2d 113, 116-17 & n.5 (3d Cir. 1956)). "Rule 60(b)(6) is not intended as a means by which the time limitations of 60(b)(1-3) may be circumvented." *Stradley*, 518 F.2d at 493 (citing *Ackermann*, 340 U.S. at 199); *see also United States v. Cirami,* 563 F.2d 26, 32 (2d Cir. 1977) ("[W]hen the reason asserted for relief comes properly within one of [(1)-(3)], clause (6) may not be employed to avoid the one-

year limitation."). It is appropriate for this Court to construe a purported FRCP 60(b)(6) catch-all claim as instead falling under an enumerated claim, where the facts so permit, and to enforce the relevant time restrictions.

In this case, Defendant's claims squarely fall under Rule 60(b)(3). Under FRCP 60(b)(3), "[o]n motion and just terms, the court may relieve a party or its legal representative from a final judgment, order, or proceeding for the following reasons…fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party." Defendant's claims are claims of fraud or misconduct perpetuated by the opposing party. Clear evidence can be found in the language Defendant uses to describe his claims:

- "This case involves misconduct of a serious nature and numerous acts of fraud, including *intrinsic* fraud in the inducement, *extrinsic* fraud upon the court and numerous acts of perjury. The Tennenbaum Claims arose *directly* as a result of multiple acts of fraud, collusion, including fraud on the court and perjury committed by the officers of the court acting in concert (collectively the "Misconduct")." (Dkt No. 261-2 at 7.)

- "[Thus, Plaintiff] committed fraud in the inducement, theft by deception and collusion with Tennenbaum…" (Dkt No. 261-2 at 28-29.)

- "The Court should invoke Rule 60(b)(6) and 60(d)(3) to vacate the Tenenbaum Claims because Mssrs. Galardi, Prins and Hollander, perpetrated a fraud on this Court by willfully concealing and affirmatively misrepresenting the true nature of equity investments and financial relationship between Skadden and Tennenbaum." (Dkt No. 261-2 at 39-40.)

- "Moreover, Tenennbaum's lack of disclosure and collusion with Skadden, Kennedy's former counsel, as well as the false statements and testimony by Skadden attorneys under oath to the Court clearly interfered with the process of adjudication and violated Kennedy's rights to due process." (Dkt No. 261-2 at 41.)

The Court concludes that Defendant's claims are claims of fraud and misconduct. As such, all restraints on FRCP 60(b)(3) apply. A motion under claim 60(b)(3) is time-limited to "no more than a year after the entry of the judgment or order or the date of the proceeding." FRCP 60(c)(1); *see also GLeS Inc. v. MK Real Estate Developer & Trade Co.*, 530 Fed. Appx. 153 (3d Cir. 2013). Under FRCP 60(d)(3), "[t]his rule does not limit a court's power to…set aside a judgment for fraud on the court."

### B. Analysis

Defendant's claims are time-barred as they were filed long after the one-year limitation for FRCP 60(b)(3) motions and beyond a "reasonable time" as generally required by FRCP 60(b). In this case, judgment was entered on September 11, 2009. The judgment was filed with this Court on November 5, 2009. Defendant filed the motion to vacate the judgment under FRCP 60(b) on July 7, 2014.

Further, even if the Court were to construe this claim as a FRCP 60(b)(6) claim – which it does not – the Court would still find that Defendant failed to assert this claim with a "reasonable time" as required by FRCP 60(b)(6). Plaintiff argues that Defendant had the potential to be aware of the alleged fraud as early as 2006. In support of this contention, Plaintiff cites to the United States Bankruptcy Court for the District of Delaware's holding that "Skadden's pre-existing attorney client relationship with Tennenbaum was disclosed and known to Kennedy…" in "2006." *In re Radnor Holdings Corp.*, 2013 WL 3228116, at*4 ¶ 12 (Bankr. D. Del. 2013). In contrast, Defendant claims that it was only through his investigation in 2012 and 2013 that these allegedly fraudulent activities were discovered. (Dkt No. 261 at 8.) Defendant cites to a May 1, 2013 hearing as the most recent date where he uncovered the alleged fraud. (Dkt No. 261 at 20-22 ¶¶ 20-25.) Even generously starting the clock from May 1, 2013, Defendant still took over one year to file these claims. Defendant failed to assert these claims within a "reasonable time."

Finally, the Court acknowledges that any such time limit does not necessarily bar the Court's power to grant relief when fraud has been perpetuated upon the Court. Fed. R. Civ. Pro. 60(d)(3); *see Averbach v. Rival Mfg. Co.*, 809 F. 2d 1016, 1020-22 (3d Cir. 1987). In this case, however, the Court finds no evidence of any fraud perpetuated upon the Court. Defendant presents arguments about fraud allegedly committed against the Bankruptcy Court, not this Court. For example, Defendant alleges in his FRCP 60(d) claim that:

- "The Delaware Bankruptcy Court was misled by Skadden attorney, Galardi and therefore overlooked Skadden's violation of 11 U.S.C. §§ 327(a) and the Skadden attorneys violated other numerous provisions of the Bankruptcy Code and Rules, Federal Law, and Delaware Law." (Dkt No. 261 at 33.)

- "[T]he Delaware Bankruptcy Court was without the ability to consider whether Skadden qualified for employment under Section 327(a) of the Bankruptcy Court. Thus, the Court relied upon Skadden's affirmative misrepresentations and approved its retention order." (Dkt No. 261 at 34.)

- "Thus, the Radnor board and Kennedy approved the Skadden engagement agreement and the Delaware Bankruptcy Court entered the Skadden Retention Order without knowing all of the relevant facts…These acts and omissions by the Skadden firm constitute misconduct by Skadden and its attorneys, and may potentially rise to the level of fraud on the Bankruptcy Court." (Dkt No. 261 at 35.)

Defendant failed to allege any instance wherein a fraud was perpetrated on this Court, the Southern District of New York, the Second Circuit, or any Court considering the breach of contract claim and its subsequent judgment. A FRCP 60(d)(3) action is unsupported by the record.

Given the Court's holding as to the motion to vacate, the Court DENIES Defendant's motion to repay all fees and expenses and assess damages and sanctions due to gross and willful misconduct.

### III.   Motion for Imposition of a Stay is Denied.

#### A. Standard of Review

Defendant seeks a stay of the execution of the judgment. Under Federal Rule of Civil Procedure ("FRCP") 62, there are a limited number of reasons to approve a stay of proceedings to enforce a judgment.

#### B. Analysis

In reviewing FRCP 62 and relevant case law, the Court finds no precedent to support the contention that a pending adversary claim in a bankruptcy court provides grounds to stay the execution of a final judgment of a federal district court order related to a distinct breach of contract claim. First, FRCP 62(a) is inapplicable as these are not circumstances that necessitate an automatic stay. Second, FRCP 62(b) is not applicable as the Bankruptcy Case obviously does not relate to any motion under FRCP 50, 52(b), 59, or 60. Further, given the Court's ruling on Defendant's FRCP 60 motion, *supra* Section II, there is no reason to stay the case pending the Court's decision on Defendant's FRCP 60 motion. Third, FRCP 62(c)-(e) are not applicable as there is no appeal pending. This case was already appealed to the Second Circuit and affirmed. *Tennenbaum Capital Partners LLC v. Kennedy*, 372 F. App'x 180 (2d Cir. 2010). Fourth, FRCP 62(f) is inapplicable because the Court is unaware of any Pennsylvania state law that would

permit a stay of execution in these circumstances. Fifth, FRCP 62(h) is inapplicable as the original judgment was not entered under FRCP 54(b).

The Court reviewed the cases referenced in Defendant's Brief, (Dkt No. 255), and Reply, (Dkt No. 258). These cases are inapplicable to the posture of this matter. All the cases cited, including *Pelzer v. City of Philadelphia*, 2007 WL 1377662 (E.D. Pa. 2007), provided suggested factors to determine "whether to stay a civil case pending the resolution of a related criminal case…" *Id.* at *2. Given that there is no exception found in Rule 62 applicable to the facts in this matter, the request for the stay is DENIED.

An appropriate order follows.

                                                BY THE COURT:

                                                /s/ C. Darnell Jones, II

                                                _____

                                                C. Darnell Jones, II       J.